**No. 50807.**—Protests 53276–K, etc., of T. D. Downing Co. (Boston).

Opinion by Ekwall, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.)   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries.   The protests were sustained to this extent.

**No. 50808.**—Protests 57273–K, etc., of Ulster Weaving Co., Ltd. (New York).

Opinion by Ekwall, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.)   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved.   The protests were sustained to this extent.

BEFORE THE FIRST DIVISION, JANUARY 10, 1946

**No. 50809.**—Petition 6506–R of P. J. McEvoy, Inc. (Baltimore).

Opinion by Cole, J.   Two witnesses testified for the petitioner that the fabrics in question are used in the manufacture of religious habits, a class of material never carried in stock and which always requires from 4 to 7 months to be made ready for shipment; that the shipments under consideration were purchased when the market was steadily advancing, so admittedly prices for the instant merchandise had materially increased between the date of purchase and the time of shipment; that before making any of the entries involved herein, petitioner and the customs broker discussed the matter of values with customs officials, petitioner contending that the purchase price should be the proper basis for appraisement, and the appraiser insisting upon the values prevailing at the time of exportation of the merchandise.   Appeals for reappraisement were filed which were suspended pending decision in a test case, ultimately decided in favor of the Government's contention (*White Lamb Finlay, Inc.* v. *United States*, 29 C. C. P. A. 199, C. A. D. 192).   It was held that the record is convincing that there was an honest difference of opinion between the parties, and that there was no attempt to defraud the revenue of the United States or to deceive the appraiser as to the true value of the merchandise.   The petition was therefore granted.